IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-CR-163-FDW-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PATRICIA DIANE CLARK, )<br>)<br>Defendant. )<br>_____ ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the issue of the Defendant's competency to proceed. Pursuant to the government's "Motion For Evidentiary Hearing Pursuant To 18 U.S.C. §4241" (Document No. 31), the Court conducted a competency hearing in this matter on September 3, 2014. Based upon the entire record in the case, including the evidence and arguments presented at the aforementioned hearing, the Court concludes that the Defendant is competent to proceed consistent with federal law. Put simply, the Defendant is not suffering from a mental disease or defect rendering her unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense.

## BRIEF LEGAL BACKGROUND

By statute, Congress has prescribed the following guidelines for when trial courts should conduct mental competency hearings to determine competency to stand trial:

> At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant *may presently be suffering from a mental disease or defect*

> *rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense*.

18 U.S.C. § 4241(a) (emphasis added). Thus, the central inquiry of the mental competency test is whether the Defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960).

In the Fourth Circuit, the Defendant has the burden of proving by a preponderance of the evidence that she is incompetent to stand trial. United States v. Robinson, 404 F.3d 850, 856 (4th Cir. 2005); see also Cooper v. Oklahoma, 517 U.S. 348, 362 (1996) ("Congress has directed that the accused in a federal prosecution must prove incompetence by a preponderance of the evidence"). Psychological evaluations are typically the primary means for demonstrating incompetence to stand trial. See United States v. Mason, 52 F.3d 1286, 1290 (4th Cir. 1995) ("Medical opinions are usually persuasive evidence on the question of whether a sufficient doubt exists as to the defendant's competence" (internal quotation marks omitted)). However, "[n]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges." Burket v. Angelone, 208 F.3d 172, 192 (4th Cir. 2000). "Likewise, neither low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial." Id. at 192.

Title 18, United States Code, Section 4241 contains mandatory language, requiring the Court to hold a hearing if it has determined there is enough of a doubt regarding the Defendant's

competency that it ordered a competency examination. The statute uses the word "shall" in reference to holding a hearing on a motion to determine competency. See 18 U.S.C. § 4241(b) ("The hearing shall be conducted pursuant to the provisions of section 4247(d)").

"Failure to provide an adequate hearing on competency ... deprives a defendant of his due process right to a fair trial." Griffin v. Lockhart, 935 F.2d 926, 930 (8th Cir. 1991) (quoting Beans v. Black, 757 F.2d 933, 935 (8th Cir. 1985)). An "adequate hearing" requires the defendant be represented by counsel and that the defendant "be afforded the opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing." 18 U.S.C. § 4247(d); see also United States v. Day, 949 F.2d 973, 982 (8th Cir. 1991) (holding that an adequate hearing "requires the presence of the defendant and his counsel, the opportunity to be heard, to offer evidence, and to test the evidence."). In United States v. Barfield, 969 F.2d 1554, 1556-57 (4th Cir. 1992), the Court held that a defendant has a right to be present, and to be represented by counsel, at a competency hearing, which is "a critical stage" of criminal proceedings.

## DISCUSSION

As noted, the Court conducted a competency hearing in this matter on September 3, 2014. Both the government and the Defendant were ably represented by counsel, and the Defendant was present. The government presented the testimony of Dr. Lisa B. Feldman, the forensic psychologist at the Federal Detention Center in Miami, Florida, who examined the Defendant and issued a written report finding the Defendant competent. The government also submitted several exhibits, including Dr. Feldman's curriculum vitae; Dr. Feldman's written report dated April 8, 2014, concluding that the Defendant is competent; a CD containing

recordings of telephone calls involving the Defendant during her detention in Miami; and a handwritten letter from the Defendant to the Court dated September 24, 2013.

As stated, the Defendant was ably represented by her counsel, Andy Patrick Roberts, during the competency hearing. On his client's behalf, Mr. Roberts presented a cross-examination of Dr. Feldman, as well as argument at the close of all the evidence. Mr. Roberts also submitted an exhibit − medical records related to the Defendant's past mental health treatment in Sacramento, California. The Court reviewed these records carefully before reaching its conclusion in this matter.

The government's presentation regarding the Defendant's competency was very compelling. In her very impressive testimony about her finding that the Defendant is competent, Dr. Feldman observed that several specific tests the Defendant submitted to yielded results clearly indicative of malingering; that the Defendant's dramatic and forceful manner in her interactions with hospital staff was completely at odds with her nearly contemporaneous recorded telephone conversations, in which she was logical, organized and not confused; that in like fashion, the Defendant's manner in interviews with the hospital staff was equally inconsistent with the letter she wrote the Court, which is logical and clear and demonstrates an understanding of the legal process; and that the Defendant behaved very differently (normally, with no incidents) in the general detention population in Miami than she did in the psychiatric unit.

On the subject of malingering, Dr. Feldman's testimony was particularly favorable for the government. On one test dealing with complaints of memory loss, Dr. Feldman described the Defendant's results as worse than for someone with a traumatic brain injury or even dementia.

On another test, the Defendant scored below the "chance level of responding," which is to say she did worse than someone who was guessing. Other test results placed her in the feigning or exaggerated range. This, together with the fact that the Defendant acted differently during sessions with the psychological staff than she did on the phone or in general population or when writing a letter, led Dr. Feldman to conclude that the Defendant was attempting to create a false impression of her psychological state.

Counsel for Defendant could not shake this testimony on cross-examination. In short, Dr. Feldman testified in impressive fashion that the Defendant meets the classic definition of a malingerer, she is not mentally ill, she understands the proceedings against her, and she can assist her lawyer in her defense. In her expert opinion, the Defendant is competent to proceed consistent with the applicable statutes. Dr. Feldman's written report sets forth this finding in even greater detail.

In fairness, Mr. Roberts did present medical records reflecting the Defendant's past mental health treatment with a Dr. Janak Mehtani of Fair Oaks Psychiatric Associates in Sacramento, California. While the records do establish the Defendant's past mental health challenges, this information pales in significance when compared to Dr. Feldman's more recent examination and her very impressive testimony. The Court credits and gives greater weight to Dr. Feldman's testimony and its more recent information concerning the Defendant's present condition.

## **CONCLUSION**

The question before the Court here is whether the Defendant is competent to proceed consistent with 18 U.S.C. §4241. For the reasons stated, the Court concludes that the Defendant is competent and that this matter should re-commence.

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion For Evidentiary Hearing Pursuant To 18 U.S.C. 4241" (Document No. 31) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Defendant is declared competent and that this matter may proceed.

**SO ORDERED**.

Signed: September 29, 2014

David C. Keesler
United States Magistrate Judge