# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:13-cr-163-FDW-1

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| PATRICIA DIANE CLARK, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendant's *pro se* "Motion for Compassionate Release," (Doc. No. 67), that has been docketed as a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c).

Defendant pled guilty to conspiracy to commit wire and mail fraud, wire fraud and aiding and abetting the same, and conspiracy to commit money laundering. (Doc. No. 60). In the Judgment docketed on August 25, 2015, she was sentenced to 130 months' imprisonment for each count, concurrent, followed by two years of supervised release, and was ordered to pay a total of $642,032.15 in restitution. (Id.).

On July 28, 2018, Defendant filed a "Brief in Answer to the Assistance U.S. Attorney's Brief to Vacate Restitution Order," that was docketed as a Motion to Vacate pursuant to 28 U.S.C. § 2255 and was opened in civil case number 3:18-cv-453. See (Doc. No. 63). That case is still pending.

Defendant filed the instant "Motion for Compassionate Release" in the United States District Court for the Northern District of Texas on January 17, 2019. The Texas court docketed the matter as a habeas corpus petition pursuant to 28 U.S.C. § 2241 and transferred the case to this

1

Court on February 22, 2019 where it was opened as a § 2241 civil case, 3:19-cv-92-FDW. The petition was dismissed and denied insofar as it sought relief pursuant to § 2241 and it was docketed in the instant case for consideration as a Motion to Reduce Sentence pursuant to § 3582(c).

Defendant asks that the Court grant her compassionate release or home confinement under the First Step Act that went into effect on December 21, 2018 due to declining health, diabetes, stage-3 kidney failure, and back issues that require a walker. The 60-year-old Defendant claims that she has asked the Warden of Carswell Federal Medical Center for relief that has not been answered in 30 days or more. See (Doc. No. 67 at 3). She has attached the Application for Compassionate Release that she filed with the Warden of her current facility in which she seeks relief under § 28 U.S.C. § 571.61[1] pursuant to 18 U.S.C. § 4205(g)[2] or § 3582(c)(1)(A).

It appears that Defendant is seeking relief under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act. That section provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director or the Bureau of Prisons, **or upon motion of the defendant** after the defendant has fully exhausted all administrative rights to appeal a failure to the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or

---

[1] United States Code Title 28, Section 571.61 provides that an inmate may submit a request for compassionate release due to extraordinary or compelling circumstances to the Warden.

[2] Section 4205(g), which was repealed effective November 1, 1987, provided that sentencing judges had the discretion to reduce a minimum term of imprisonment upon the recommendation of the BOP. See United States v. Booker, 543 U.S. 220, 300-301 (2005).

offenses for which the defendant is currently imprisoned, and determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission….

18 U.S.C. § 3582(c)(1) (emphasis added).

Assuming that Defendant has satisfied § 3582(c)(1)'s exhaustion requirement, she does not qualify for relief based on either age under subsection (ii) or extraordinary and compelling circumstances under subsection (i).

First, Defendant does not meet the requirements for relief under § 3582(c)(1)(A)(ii). She states that her current age is 60, however, § 3582(c)(1)(A)(ii) requires a defendant to be 70 years of age or older. Nor does she satisfy the requirement of having served at least 30 years in prison. The Bureau of Prisons has not made a determination that she is not a danger to the safety of any other person or the community. Accordingly, to the extent Defendant seeks relief under § 3582(c)(1)(A)(ii), she is not eligible for such a reduction and her request is denied.

Second, Defendant has not shown that extraordinary and compelling reasons warrant a reduction under § 3582(c)(1)(A)(i). The United States Sentencing Guidelines provide that "extraordinary and compelling reasons" exist due to a defendant's medical condition or age when the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g)[3] and:

---

[3] Factors to be considered.--The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--
(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
(2) the weight of the evidence against the person;
(3) the history and characteristics of the person, including--
(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of

(A) Medical Condition of the Defendant --

(i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory)….

(ii) The defendant is –

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant. – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

U.S.S.C. § 1B1.13, application note 1; see also 28 U.S.C. § 994 (authorizing the Commission to describe what should be considered extraordinary and compelling reasons for sentence reduction).

Assuming that Defendant is not a danger to any other person or the community under § 3142(g), her request for compassionate release nevertheless fails because she has not provided any medical records indicating that she is suffering from a terminal illness, serious physical or medical condition, a serious functional or cognitive impairment, or experiencing deteriorating physical or

---

residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.
18 U.S.C. § 3142(g).

mental health due to age. Even if the Court assumes that is suffering from a serious physical or medical condition or deteriorating physical health due to age, Defendant still falls short of the "extraordinary and compelling" standard because she has not demonstrated that her condition substantially diminishes her ability to provide self-care within the corrections environment or that she is not expected to recover. Therefore, her request for relief under § 3582(c)(1)(A)(i) will be denied.

Nor does Defendant qualify for relief under 28 U.S.C. § 3582(c)(1)(B). A court may modify a term of imprisonment "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 28 U.S.C. § 3582(c)(1)(B). Construing Defendant's claims liberally, she may be arguing that the Court should modify her term of imprisonment because the First Step Act permits the Attorney General to release eligible elderly offenders from BOP facilities to home detention under § 60541. No relief is available, however, because Section 3582(c)(1)(B) only permits courts to modify an imposed "term" of imprisonment, and not the method of incarceration which is determined solely by the Bureau of Prisons. See generally Tapia v. United States, 564 U.S. 319, 331 (2011) ("[a] sentencing court can recommend that the BOP place an offender in a particular facility or program … [b]ut decisionmaking authority rests with the BOP."); 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment….").

For all the foregoing reasons, the relief that Defendant seeks is unavailable and therefore her Motion to Reduce Sentence will be denied. See, e.g., United States v. Perez-Asencio, 2019 WL 626175 (S.D. Cal. Feb. 14, 2019) (denying motion to reduce imprisonment term and convert incarceration to home confinement under § 3582(c)(1)(A), (B), U.S.S.G. § 1B1.13, and 34 U.S.C.

§ 60541); <u>United States v. Curry</u>, 2019 WL 508067 (E.D. Ky. Feb. 8, 2019) (denying relief under the elderly home detention pilot program pursuant to the First Step Act).

**IT IS, THEREFORE, ORDERED** that Defendant's *pro se* "Motion for Compassionate Release," (Doc. No. 67), is construed as a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c) and is **DENIED.**

Signed: March 4, 2019

Frank D. Whitney
Chief United States District Judge